(No. 87-CC-2814–

WARREN BUCKNER, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed May 27, 1988.*
*Order filed January 27, 1995.*

WARREN BUCKNER, *pro se*, for Claimant.

JIM RYAN, Attorney General (JAN SCHAFFRICK, Assistant Attorney General, of counsel), for Respondent.

## ORDER

DILLARD, J.

This cause coming to be heard on the motion of Respondent to dismiss count II of Claimant's complaint, due notice having been given the parties hereto and the Court being duly advised in the premises:

The Court finds: That Claimant filed a complaint in the instant cause on March 17, 1987. The claim alleged therein appears to have arisen from Claimant's employment as an inmate working as a butcher in the dietary building at the Lincoln Correctional Center, Lincoln, Illinois.

We find that count II of the complaint filed herein is a medical malpractice claim, and that it fails to show any compliance with section 2—622 of the Illinois Code of Civil Procedure. (735 ILCS 5/2—622.) Section 2—622 requires Claimant to file an affidavit attached to the complaint. The affidavit is to declare that affiant has consulted with a health professional, the professional has determined in a written report that there is a reasonable and meritorious cause for the filing of the action, and the affiant has concluded that there is a reasonable and meritorious cause

for the filing of such action. Alternatively, affiant shall declare that affiant was unable to obtain a consultation because the consultation could not be obtained before expiration of the statute of limitations.

We find that section 2—622(g) of the Illinois Code of Civil Procedure (735 ILCS 5/2—622(g)) makes Claimant's failure to comply with section 2—622 grounds for dismissal under section 2—619.

It is hereby ordered that Claimant shall obtain and file with this Court a valid health care professional affidavit within 30 days of the filing date of this order or the Respondent's motion is automatically granted and count II of the claim herein is dismissed.

## ORDER

SOMMER, C.J.

This cause coming to be heard on the report of the Commissioner and the motion of this Court, due notice having been given, and this Court being fully advised, finds that the Commissioner had scheduled hearings on five previous dates at which the Claimant did not appear; and the notices for the last two hearing dates, June 2, 1994, and October 6, 1994, were returned to the Commissioner as undeliverable by the post office. The Court cannot proceed without knowledge of the Claimant's address. Thus, it appears the Claimant has abandoned this claim, and it should be dismissed. It is therefore ordered that this claim is dismissed.